IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:11-CR-2 |
| | ) | (PHILLIPS/SHIRLEY) |
| CAMERON J. POTTER, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on March 10, 2011, for a motion hearing on the Defendant's Motion for Continuance [Doc. 9] and Motion to Declare the Case Complex [Doc. 10], both filed on February 18, 2011. Assistant United States Attorney Frank M. Dale, Jr., appeared on behalf of the Government. Attorney Ann C. Short represented the Defendant, who was also present.

The Motion for Continuance [Doc. 9] asks the Court to continue the March 23, 2011 trial date due to counsel's need to review the voluminous discovery in this case. At the hearing, Attorney Short informed the Court that discovery was provided by the Government with regard to ten counts of wire fraud and eight counts of money laundering, that there were voluminous documents which still had not been fully reviewed and evaluated, and that given the volume of

1

discovery, it would take a significant amount of time to review and evaluate with regard to the filing of pretrial motions. Additionally, Attorney Short asserted that after reviewing the discovery, the Defendant would like the opportunity research and prepare appropriate pretrial motions and to consider options regarding resolving this matter with the Government. The Defendant stated that he understood and agreed with the need for additional time and requested the continuance of his trial. The Government did not object to either the trial continuance or declaring the case complex for speedy trial purposes.

    The Court finds the Motion for Continuance of the March 23, 2011 trial date to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The documentary discovery in this case is voluminous. Defense counsel needs time to review discovery, to determine what pretrial motions need to be filed, and to prepare those motions. Once any pretrial motions are filed and the Government has submitted responses, the Court will need time to conduct hearings on any pending motions and time, not to exceed thirty days, to rule upon such motions. See 18 U.S.C. § 3161(h)(1)(D) and (H). The parties may need time to object to rulings on motions, and the District Court would need time, in such case, to rule upon the objections. Finally, the parties will need time to prepare for trial in light of the rulings on any motions and objections. The Court finds that all of this could not take place before the March 23, 2011 trial date. Thus, the Court finds that the failure to grant a continuance would deprive the parties of time to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

    Moreover, the Defendant is charged [Doc. 3] with ten counts of wire fraud and eight counts of money laundering. Thus, due to the nature of the prosecution, and the voluminous

2

discovery stemming therefrom, the Court finds "that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by" the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii). Accordingly, a continuance is also warranted in this case because the case is "complex" for purposes of the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii).

Therefore, the Defendant's Motion for Continuance **[Doc. 9]** and Motion to Declare the Case Complex **[Doc. 10]** are **GRANTED**, and the trial of this matter is reset to **September 27, 2011**. The Court also finds, and the parties agreed, that all the time between the filing of the Defendant's continuance motion on **February 18, 2011**, and the new trial date of **September 27, 2011**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(D), -(h)(1)(H), and -(h)(7)(A)-(B). With regard to other scheduling in this case, the Court set a new motion-filing deadline of **May 13, 2011.** Reciprocal discovery is also due on this date. Responses are due by **May 30, 2011.** A pretrial conference before the undersigned is set for **June 6, 2011, at 9:30 a.m.** This date shall also be the plea negotiation cut-off deadline.

Accordingly, it is **ORDERED**:

(1) The Defendant's Motion for Continuance **[Doc. 9]** and Motion to Declare the Case Complex **[Doc. 10]** are **GRANTED**;

(2) The trial of this matter is reset to commence on **September 27, 2011**, **at 9:00 a.m.**, before the Honorable Thomas W. Phillips, United States District Judge;

(3) All time between the filing of the Defendant's continuance motion on **February 18, 2011**, and the new trial date of **September 27, 2011**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) Pretrial motions are due on or before **May 13, 2011**. Reciprocal

discovery is also due on this date;

(5) Responses are due on **May 30, 2011**; and

(6) A pretrial conference before the undersigned is set for **June 6, 2011, at 9:30 a.m.** This date shall also be the plea negotiation cut-off deadline.

**IT IS SO ORDERED.**
                                       ENTER:

                                       s/ C. Clifford Shirley, Jr.
                                       United States Magistrate Judge

(6)  A pretrial conference before the undersigned is set for **June 6, 2011, at 9:30 a.m.** This date shall also be the plea negotiation cut-off deadline.

**IT IS SO ORDERED.**

                              ENTER: